UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA BARRICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　　Defendant. | CASE NO. C16-5957BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR REASSIGNMENT TO THE SEATTLE DIVISION |

This matter comes before the Court on Defendant American Airlines, Inc.'s ("American") motion for reassignment to the Seattle division (Dkt. 13).

On October 11, 2016, Plaintiff Rebecca Barrick ("Barrick") filed a complaint against American in Pierce County Superior Court for the State of Washington. Dkt. 1-2. Barrick asserts one count of negligence based on allegations that a flight attendant on her American flight from Seattle to Philadelphia gave her dry ice instead of ice, which resulted in a second-degree burn on her chest. *Id*.

On November 16, 2016, American removed the matter to this Court. Dkt. 1. Pursuant to the local rules of procedure, the Clerk initially assigned the case to the Tacoma division because the complaint was removed from Pierce County. Local Rules, W.D. Wash. LCR 3(d)(1).

On December 7, 2016, American filed the instant motion requesting a transfer to the Seattle division. Dkt. 13. On December 13, 2016, Barrick responded. Dkt. 14. On December 28, 2016, American replied. Dkt. 15.

The local rules provide that assignment depends upon where defendants reside, where defendants have their principal places of business, or where the claim arose. Local Rules, W.D. Wash. LCR 3(d)(1).

In this case, the only relevant assignment criterion is where the claims arose. American argues that its duty to protect Barrick arose when it accepted Barrick as a passenger on its flight and she was under the care and custody of its employees. Dkt. 13 at 2. Barrick counters that the duty arose when she purchased the ticket from her residence in Tacoma. Dkt. 14 at 2–3. The Court finds that American has presented the better argument; otherwise, every time an individual purchases an airline ticket, the airline would owe a duty of care relating to the personal safety of the individual. Such a proposition is indefensible. Accordingly, the Court concludes that, if the events giving rise to the claim arose in Washington, the events occurred in King County at Sea-Tac airport. The Court **GRANTS** American's motion and directs the Clerk to transfer this case to the Seattle division.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge