THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA BARRICK,<br><br>            Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES, INC.,<br><br>            Defendant. | CASE NO. C16-5957-JCC<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO AMEND |

This matter comes before the Court on Defendant American Airline's motion for a protective order (Dkt. No. 35) and Plaintiff Rebecca Barrick's motion to amend (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for a protective order and GRANTS the motion to amend for the reasons explained herein.

I. **BACKGROUND**

On an American Airlines flight from Seattle to Philadelphia, Plaintiff's chest was burned by a bag of dry ice. (Dkt. No. 31 at ¶¶ 6–10.) After, she filed this negligence and gross negligence action against Defendant. (*See* Dkt. No. 31.) Defendant responded to her amended complaint, admitting that it is "liable for all of Ms. Barrick's proximately caused damages." (Dkt. No. 39 at 2; *see also* Dkt. No. 32 at ¶¶ 10, 14, 17, 18, 22, 23, 25.) Defendant has filed a

1  motion for a protective order to limit Plaintiff's discovery requests to relevant information about
2  damages. (Dkt. No. 35.) Plaintiff also filed a motion to amend her complaint a second time. (Dkt.
3  No. 33.)

## II. DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). However, "the court must limit the frequency or extent of discovery [if] . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26 (b)(2)(C). "The court may, for good cause, issue an order to protect a party from . . . undue burden or expense." Fed. R. Civ. P. 26 (c)(1). When a defendant admits liability for all damages caused to a plaintiff, the court may limit discovery to damages. *See Broncel v. H & R Transp., Ltd.*, 2011 WL 319822, (E.D. Cal. Jan. 28, 2011) (holding that plaintiff was not entitled to depose defendant Wilson because the defendants had already admitted liability); *Ayat v. Societe Air France*, 2008 WL 114936, (N.D. Cal. Jan. 8, 2008) (holding that further discovery into liability was not warranted because the defendant did not contest liability and only asserted three affirmative defenses, all related to damages).

Here, Defendant seeks a protective order to limit discovery to damages. (Dkt. No. 35.) However, Plaintiff maintains that she is entitled to more expansive discovery because Defendant "has not admitted liability to most of Plaintiff's claims, and has expressly denied most of the offending actions." (Dkt. No. 37 at 4.) Plaintiff's argument is persuasive because Defendant has only admitted to liability for all of Plaintiff's *proximately caused* damages. (*See* Dkt. Nos. 32, 35, 41.) While Defendant's admission is helpful to Plaintiff, there is some vagueness as to the admission. Defendant admits to liability for *proximately* caused damages, but does not stipulate it is in fact the cause of such damages. If Plaintiff is not entitled to discover the circumstances that led to her injury, she would be at a significant disadvantage in this litigation. While this

causation issue is unresolved, the Court will prudently leave discovery open. Defendant's motion for a protective order limiting discovery to damages is DENIED.[1]

## III. PLAINTIFF'S MOTION TO AMEND

The Court is afforded discretion and "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When deciding whether leave should be granted, "[f]ive factors are taken into account . . . bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Plaintiff's motion to amend builds on the issue of causation, and thus is not futile. The amendment is minimal, but the proposed complaint does allege with more specificity the types of harm suffered by Plaintiff, specifically emotional damages. (*See* Dkt. No. 33-3 at ¶ 26.) This newly alleged harm demonstrates a need for more expansive discovery into its cause. Plaintiff has previously amended her complaint, but the Court concludes the proposed amendment is not futile, nor is it unfair. Thus, the Court GRANTS Plaintiff's motion to amend her complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend (Dkt. No. 33) is GRANTED, and Defendant's motion for a protective order (Dkt. No. 35) is DENIED. Plaintiff is ORDERED to file her second amended complaint (Dkt. No. 33-3) within 7 days of this order.

DATED this 8th day of August 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The parties dispute the relevance and proportionality of Plaintiff's discovery requests. However, this is not a motion to compel. The Court will not address this issue in a motion for a protective order.

ORDER DENYING DEFENDANT'S MOTION
FOR A PROTECTIVE ORDER AND GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE - 4